IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:10-CV-163-RLV-DCK

| | |
|---|---|
| JENNIFER L. CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 7) and Defendant's "Motion For Summary Judgment" (Document No. 09). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Jennifer C. Caldwell ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 7). On January 10, 2007, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.* alleging an inability to work due to a disabling condition beginning April 14, 2005. (Transcript of the Record of Proceedings ("Tr.") 10). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on March 23, 2007, and again after

reconsideration on June 25, 2007. (Tr. 10). Plaintiff filed a timely written request for a hearing on July 6, 2007. (Tr. 10).

On August 17, 2009, Plaintiff appeared and testified at a hearing before Administrative Law Judge Ralph P. Dodds ("ALJ"). (Tr. 10). On September 17, 2009, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 7-17). Plaintiff filed a request for review of the ALJ's decision on November 15, 2009, which was denied by the Appeals Council on September 1, 2010. (Tr. 1-6). The September 17, 2009, ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. Id.

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on October 29, 2010. (Document No. 1). Plaintiff's "Motion For Summary Judgment" (Document No. 7) and "Plaintiff's Brief in Support" (Document No. 8), were filed March 18, 2011; and Defendant's "Motion For Summary Judgment" (Document No. 9) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 10), were filed March 31, 2011. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is

supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between April 14, 2005, and the date of his decision, September 17, 2009.[1] (Tr. 10). To establish entitlement to benefits, Plaintiff has the

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

3

burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from April 14, 2005, through the date of his decision, September 17, 2009. (Tr. 10).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

>   (1)   whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
>   (2)   whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
>   (3)   whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
>   (4)   whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
>   (5)   whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was <u>not</u> disabled. (Tr. 17).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since April 14, 2005, her alleged disability onset date. (Tr. 12). At the second step, the ALJ

4

found that Plaintiff's degenerative disc disease was a severe impairment. (Tr. 12).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 13).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform sedentary work, with the following limitations:

> sit or stand every 30 minutes, with occasional postural limitations, occasional overhead reaching and lifting, but no climbing and no exposure to hazards, heights, or moving machinery

(Tr. 13). In making his finding, the ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and SSRs 96-4p and 96-7p." (Tr. 13).

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a certified nursing assistant, a phlebotomist, or a product assembler. (Tr. 15). At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 16). Specifically, the vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included surveillance systems monitor, quotation clerk, and ticket seller. (Tr. 16). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

Security Act, at any time between April 14, 2005, and the date of his decision, September 17, 2009. (Tr. 17).

Plaintiff on appeal to this Court argues that the ALJ erred by failing to find that Plaintiff's alleged disability fulfilled the 12 month duration requirement. (Document No. 8). The undersigned will discuss this contention below.

**A. 12 Month Duration Period Required For A Disability Finding**

In her only assignment of error, Plaintiff contends that the ALJ erred by failing to "find that claimant's alleged disability fulfilled the 12 month durational requirement" as stipulated in 42 U.S.C. §423(d). (Document No. 8, p.3) (citing 42 U.S.C. §423(d)(1) (2004)). Plaintiff relies on SSR 83-20, which provides in pertinent part:

> For disabilities of traumatic origin, onset is the day of the injury if the individual is thereafter expected to die as a result or is expected to be unable to engage in substantial gainful activity (SGA) (or gainful activity) for a continuous period of at least 12 months.

SSR 83-20, "Onset of Disability," 1983 WL 31249 at *2 (1983).

In support of this contention, Plaintiff points to two different statements submitted by Dr. Harlan B. Daubert, Plaintiff's treating surgeon. In the first statement on December 19, 2005, Dr. Daubert noted that Plaintiff had "temporary total disability from 04/15/2005 to 3/21/2006," and commented that "[p]atient [is] totally disabled pending spinal fusion sche[duled] for 12/21/2005." (Tr. 305); (Document No. 8, p.4). In the second statement on March 30, 2006, Dr. Daubert recorded that Plaintiff had "temporary total disability from 01/06/2006 to 06/30/2006," and added a "20 lb lifting restriction pending return appointment to be scheduled in 3 months." (Tr. 314); (Document No. 8, p.4). Plaintiff argues that "the ALJ fail[ed] to reconcile his RFC finding with the

6

determinations that the Plaintiff would be under a period of temporary total disability from April 15, 200[5] through June 30, 2006, exceeding the 12 month durational requirement as evidenced in the medical records." (Document No. 8, p.6).

The Defendant argues that the ALJ correctly "concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act from April 14, 2005, through the date of the decision." Defendant first notes that "the ALJ accepted Plaintiff's assertion that her alleged onset date [of disability] was April 14, 2005, and thus, there was no violation of SSR 83-20." (Document No. 10, p.4) (citing Tr. 12). Next, the Defendant contends that "[a] review of all of Dr. Daubert's Disability Statements reveals . . . that while Plaintiff had restrictions on her ability to work, she was not precluded from working through at least October 4, 2005." (Document No. 10, p.6).

In addition, Defendant observes that "the doctor's December 2005 Disability Statement is a retrospective conclusion, which contradicts his more contemporaneous findings from July, August, and October 2005." (Document No. 10, p.6) (citing Tr. 286, 291, 298). Defendant concludes by noting that "the objective medical evidence establishes that between April 2005 and December 2005, the only restrictions placed on her [Plaintiff's] ability to work pertained to lifting no more than ten to fifteen pounds, and that is consistent with the ALJ's finding that she had the residual functional capacity to perform sedentary work." (Document No. 10, p.9) (citing Tr. 286, 291, 298).

The undersigned finds the Defendant's arguments on this issue to be persuasive. A review of Dr. Daubert's medical opinion contained within the record highlights the inconsistency in his disability statements. For example, on July 22, 2005, Dr. Daubert noted, "Some tenderness across her low back. No obvious scoliosis. Full ROM [range of movement] of the hips, knees, and ankles.

7

Good pulses in her feet . . . Sensation is intact. Reflexes are normal." (Tr. 286). Dr. Daubert's "Disability Statement" made during this visit contained the following limitations: "Temporary Partial Disability. No lifting over 10 lbs." (Tr. 286). Later, on August 17, 2005, Dr. Daubert's "Disability Statement" noted the following: "Temporary Partial Disability from 07/22/2005 to 09/06/2005. No lifting over 15 lbs." (Tr. 291). On September 6, 2005, Dr. Daubert again placed Plaintiff on "temporary partial disability" and restricted her to "no lifting over 15 lbs." (Tr. 295). On October 4, 2005, Dr. Daubert once again assigned Plaintiff to "temporary partial disability" and reaffirmed the restriction of "no lifting over 15 lbs." (Tr. 298).

On December 19, 2005, nearly eight months after Plaintiff's alleged disability began, Dr. Daubert placed Plaintiff on "temporary total disability from 04/14/2005 to 02/03/2006," and noted that "patient [is] totally disabled pending spinal fusion sched[uled] for 12/21/05." (Tr. 305). After Plaintiff's surgery, Dr. Daubert noted on January 6, 2006, that "[Plaintiff] is here today, 2 weeks after having had anterior and posterior spinal fusion. She is doing very well. She has less pain now than she did pre-op;" then he assigned Plaintiff to "temporary total disability" and commented that "[p]atient out of work until next appt which is 2-3-06." (Tr. 309, 310).

When weighing the medical opinion of Dr. Daubert, the ALJ made the following finding:

> I have considered the statement of Dr. Daubert who indicated that prior to the fusion surgery, claimant was unable to work. I have also given this statement limited weight. The statement was made in anticipation of the surgery that had been scheduled. Within 2 months after her surgery, however, he found that she was doing well, was not dependent on pain medications, and he advised her to quit using the cane. He assigned a 25% disability rating and indicated that she perform light work, lifting no more than 20 pounds. At a later date, Dr. Daubert stated on August 26, 2008, that the claimant had a permanent partial disability and he limited her to lifting no more than 15 pounds.

8

(Tr. 15).

In light of Dr. Daubert's statements within the record, Defendant asserts that "at best, Dr. Daubert concluded that Plaintiff could not work from October 2005 through June 30, 2006." (Document No. 10, p.6). As Defendant has noted, "the Social Security Act does not provide for partial disability, and requires that a claimant's disability, i.e. <u>inability to engage in all work</u>, must last for a continuous period of at least twelve months." (Document No. 10, p.7) (emphasis added). Dr. Daubert's "Disability Statements" do not indicate that Plaintiff was completely disabled from all work for a continuous period of at least 12 months. (Tr. 286, 291, 295, 298).

In addition to the inconsistencies within Dr. Daubert's own treatment records, the medical statements of Dr. Alford twice noted that Plaintiff could not return to her former employer because "they have no light duty," signaling that Dr. Alford also did not conclude that Plaintiff was disabled from all work at the time of her injury. (Tr. 181, 183). The undersigned further notes that when Plaintiff visited Forsyth Medical Center on October 19, 2005, the hospital upon discharge also did not assign her any work restrictions. (Tr. 255-263).

## IV. CONCLUSION

Based on the foregoing, substantial evidence within the record appears to support both the ALJ's finding that Plaintiff was not disabled "for a continuous period of not less than 12 months," and his conclusion that Plaintiff was capable of performing sedentary work. 42 U.S.C. §423(d)(1)(A) (2004); (Tr. 15). The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Johnson</u>

9

v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 7) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 9) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Richard L. Voorhees.

**IT IS SO RECOMMENDED**.

Signed: June 28, 2011

David C. Keesler
United States Magistrate Judge